This is a suit for the return of $250.00 which plaintiffs allege they paid to defendants, through their duly authorized agents, as a down payment on a lot in the City of Monroe, Louisiana, owned by defendants. The petition alleges that plaintiff, Mrs. Emma Peters Perdue, agreed to purchase a lot of ground pointed out to her by the real estate agent and paid $250.00 towards the purchase of this property; that when a survey was made, it was disclosed that defendants did not have title to the identical frontage pointed out to plaintiff by the real estate agent, and that the lot as surveyed did not include a beautiful tree on the part of the property pointed out to plaintiff as being for sale, and that there had been no agreement to purchase the property marked out after survey and described in the deed tendered to plaintiffs by the defendants.
After an exception of no cause and no right of action was overruled, defendants in answer admitted that the defendant, Tom Johnson, verbally requested Mr. R.B. Blanks (since deceased) to sell the west 122 feet of a certain lot on Jackson Street and Morris Avenue in the City of Monroe, Louisiana, and set forth that plaintiffs agreed to purchase the lot for a total consideration of $2750.00 and paid $250.00 as part of the purchase price, and that, subsequently, plaintiff, Mrs. Perdue, refused to accept the deed and pay the balance of the purchase price. Defendants in answer reiterated their willingness to deliver the deed upon payment of the balance of the purchase price and in the absence of acceptance of the deed by plaintiffs, claimed the $250.00 paid had been forfeited by plaintiffs is earnest money in accordance with Articles 2462
and 2463 of the Civil Code.
The Judge of the City Court of Monroe rendered judgment in favor of plaintiffs for $280.00 against the defendant, Tom Johnson, and dismissed the suit against Mrs. Johnson.
The case is before us on appeal by the defendant who was cast.
In brief defendant's counsel reurged exception of no cause or right of action, predicating same upon plaintiffs' failure to allege that the contract of agency between defendant and the real estate agent was in writing, and that since a contract to purchase real estate not in writing is unenforceable, it must follow that parol evidence is inadmissible to prove the existence of a contract of agency between a real estate broker and an owner of real estate.
[1] The petition sets forth that "* * * defendants, acting through their duly authorized agents * * * entered upon the negotiation to sell * * *." *Page 160 
[2] The above alleges the agency as a fact and is a sufficient basis to support proof of agency by competent testimony. As far as the petition discloses, the contract may have been either oral or written. The admissibility of whatever testimony defendants may anticipate to establish this well alleged fact is not at issue on exception of no cause of action. Hence, the exception was properly overruled.
[3, 4] Defendants on the trial, reurged their objections to oral testimony to prove the agency of the real estate agent. The trial judge properly overruled that objection. The cause of action set forth in the petition was not predicated upon the enforcement of an oral sale of immovable property. The demand was essentially one for the return of money paid upon a contract in which there was discovered a serious mistake as to the substance of the subject of the contract. There is no rule of evidence which prohibits oral testimony to prove the payment of money and to establish one's right to the return of same because there was an error in substance of that which was the subject of the contract whether same be personal property or immovable property.
In the answer it was admitted that the defendant, Tom Johnson, authorized the real estate agent to enter into negotiations for the sale of his lot and that plaintiffs paid $250.00 to the agent as a part of the purchase price. The answer further admitted that the defendants received $76.20 of this amount, stating, "the rest of said amount having been expended by Mr. Blanks (the real estate agent) for a survey, mortgage certificate, preparation of deed and commission, to Mr. Blanks."
In the record is a written opinion from the learned Judge of the City Court in which he found as a fact that the lot pointed out to the plaintiff and represented to her as being the lot she was to purchase contained three shade trees; that when the lot was surveyed, it was discovered that there was a wide variance between the lot pointed out to plaintiff by the real estate agent and the lot actually contained within the surveyed boundaries. The surveyed lot being considerably smaller, situated some sixty feet nearer a public restaurant, which was considered by plaintiffs as objectionable, and not containing the three shade trees — the objects which the prospective purchasers considered as the most attractive feature of the property.
[5] The testimony establishes with more than the preponderance required that there was no meeting of minds between plaintiffs and the agent of defendant as to the lot which the defendant owned and the lot which the plaintiff, Mrs. Perdue, agreed to purchase. In the sale of a city lot, the location of the property is an important factor in determining its value. In a lot suitable for home construction, the, existence of shade trees is a substantial quality. After careful examination of the testimony, we agree with the trial judge that the lot shown to plaintiffs differed from the lot found on survey by a distance of approximately sixty-five feet as to location on the street and was a considerable footage short in depth, and that the survey excluded from the lot the shade trees which were included on the property as shown to plaintiffs.
There was error both as to the substance and substantial quality of the property. Error in substance in that the surveyed lot was of less depth and error in the substantial quality in that the location was nearer to the objectionable business site and the desirable shade trees, though included in the lot as displayed, were excluded from the lot as surveyed. Hence, the contract was invalid under Articles 1841-1845 of the Civil Code and plaintiffs are entitled to the return of the money paid.
The judgment is affirmed, with costs. *Page 210