ELLIS, Judge.
This is a suit for a deficiency judgment, following a foreclosure by executory process. The petition alleges that the plaintiff, First Guaranty Bank, was the holder of two collateral mortgage notes made by defendant Jackson W. Ratcliff; that a petition for executory process was filed herein against the properties covered by the mortgages given to secure the said notes; that when the properties were first exposed for sale, after appraisement, there were no bids, and no sale was made thereof. It is further alleged that the properties were once again advertised for sale, and offered for “whatever it would bring, but not less than costs.” The petition then alleges that one parcel of the property sold for $13,000.00 and the second parcel for $594.20. Plaintiff then prays for a deficiency judgment in the amounts of $33,056.00 on the first note and $125,315.17 on the second note, together with interest and attorney’s fees, subject to a credit of $12,405.80 which resulted from the sale.
To the petition, defendant filed a peremptory exception of no cause of action, alleging that since the second sale was made without benefit of appraisement, plaintiff is not entitled to a deficiency judgment under the law. An amended exception of no cause of action filed by defendant is based on facts which are not alleged in the petition. These facts cannot be considered in ruling on the exception, which must be decided on the well pleaded facts in the petition.
The trial judge found that both the first and second sales were made without benefit of appraisement and held that plaintiff was therefore not entitled to a deficiency judgment. However, his judgment is based on facts other than those alleged in the petition.
The petition alleges that the first sale was made with benefit of appraisement, and brought no bid, and that the property was offered for whatever it would bring at the second sale.
Article 2771 of the Code of Civil Procedure provides:
“The creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executo-ry proceeding after appraisal in accordance with the provisions of Article 2723.”
See also R.S. 13:4106, 4107.
Article 2336 of the Code of Civil Procedure provides:
“The property shall not be sold if the price bid by the highest bidder is less than two-thirds of the appraised value. In that event, the sheriff shall re-advertise the sale of the property in the same manner as for an original sale, and the same delay must elapse. At the second offering, the property shall be sold for cash for whatever it will bring, except as provided in Article 2337.”
According to the allegations of the petition, the provisions of Article 2336, supra, were complied with. The plaintiff did not, therefore, “take advantage of a waiver *155 of appraisement”. The property was alleged to have been appraised, and subsequently sold, according to law. We must accept this allegation as true. The trial judge, therefore, erred in sustaining the exception of no cause of action. See Louisiana National Bank of Baton Rouge v. Heroman, 280 So.2d 362, 377 (La.App. 1st Cir. 1973).
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. Defendant is granted 15 days from the date this judgment becomes final within which to file answer. All costs of this appeal shall be paid by defendant. All other costs shall await final resolution of the case on its merits.
REVERSED AND REMANDED.