JASPER E. JONES, Judge.
This is an action to recover damages for personal injuries sustained in an automobile accident. The plaintiff is James M. Shepherd. The defendants are Mr. and Mrs. Michael R. Jay, their insurer, The Hartford Insurance Company (Hartford), John Paul Ellis and his insurer, Southern Farm Bureau Casualty Insurance Company (Farm Bureau). Plaintiff appeals a summary judgment dismissing his suit against Mr. Ellis and Farm Bureau. We affirm. The Facts
On the afternoon of July 25, 1985 plaintiff was injured when a truck owned by Mr. Jay and driven by Jay’s employee ran a stop sign and collided with the vehicle driven by plaintiff.
Jay is engaged in the custom farm business and operates under the trade name of STA Enterprises. His custom work includes disking, planting and baling hay. Ellis is also engaged in the farming business which includes baling hay and spreading lime and fertilizer. In 1984, Ellis fertilized some land for Jay, but Jay failed to make full payment. Ellis agreed, in an effort to collect Jay’s account, to use Jay’s services to help him bale hay and offset the cost of Jay’s service against Jay’s past due account.
Prior to the accident of July 25, 1985, Ellis entered into an agreement with Mr. Willie Penn to cut and bale Penn’s hay. Ellis cut Penn’s hay and agreed to let Jay bale the hay using Jay’s equipment and crew. The cost for Jay’s service was to be credited against Jay’s past due account owed Ellis.
On the day of the accident, Ellis and Jay met several of Jay’s employees at Mr. Penn’s field. These employees, who were of Mexican descent, brought several pieces of Jay’s equipment with them, but baling operations did not begin because it started raining. Jay instructed his employees to unload and check the equipment to prepare it for the baling operation scheduled to commence the following day and then return to Jay’s farm office. Jay and Ellis departed. Jay’s employees subsequently departed in one of Jay’s trucks which collided with the vehicle driven by plaintiff after running a stop sign at the intersection of Blanchard-Latex Road and Stateline Road in western Caddo Parish.
Plaintiff instituted suit alleging Jay and Ellis were engaged in a joint venture at the time of the accident and were, therefore, liable in solido for the negligence of Jay’s employee. Ellis and Farm Bureau filed a motion for summary judgment alleging there was no joint venture between Ellis and Jay. The trial court granted the motion for summary judgment.

Applicable Law

LSA-C.C.P. art. 966 authorizes the motion for summary judgment.[1] Summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981); Saunders v. Howell Petroleum *652 Corp., 499 So.2d 471 (La.App. 2d Cir.1986). The documents supporting the motion for summary judgment must be viewed in the light most favorable to the party opposing the motion. Hastings v. International Service Ins. Co., et al, 490 So.2d 656 (La.App. 2d Cir.1986), writ den., 493 So.2d 1223 (La.1986). In short, summary judgment is no substitute for a trial on the merits. Swindle v. Haughton Wood Co., Inc., 458 So.2d 992 (La.App. 2d Cir.1984); Hebert v. Vice, 413 So.2d 342 (La.App. 3d Cir.1982).
The existence or nonexistence of a joint venture is a question of fact and each case must be considered sui generis. Cajun Electric Power Co-Op, Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir.1984), writ den., 458 So.2d 123 (La.1984); Varnado v. Sanders, 477 So.2d 1205 (La.App. 1st Cir.1985), writ den., 481 So.2d 630 (La.1986).
The depositions of Jay and Ellis were attached to the motion for summary judgment. Plaintiff contends these depositions establish a genuine issue as to the existence of a joint venture between Jay and Ellis and the trial court erred in granting the motion for summary judgment. Ellis and Farm Bureau contend the depositions establish Ellis and Jay kept their businesses separate and Ellis had no right to supervise or control Jay’s employees. They further contend there was no agreement to share losses and for these reasons the trial court was correct in granting the motion for summary judgment.
A joint venture results from the undertaking by two or more persons to combine their property or labor in the conduct of a particular line of trade or general business, for joint profit, creating the status of an informal partnership. A joint venture is analogous to a partnership and controlled largely by the rules applicable to partnerships. There must be a sharing of the profits and the losses. Cajun Electric Power Co-Op, Inc. v. McNamara, supra.
The essential elements of a joint venture are two or more parties combining their property, labor or skill in the conduct of a venture for joint profit, with each party having some right of control over the business. Marine Services, Inc. v. A-1 Industries, Inc., 355 So.2d 625 (La.App. 4th Cir.1978); Cupit v. Grant, 425 So.2d 847 (La.App. 3d Cir.1982).
The depositions of Jay and Ellis attached to the motion for summary judgment establish that Ellis contracted with Penn to bale Penn’s hay in 1200 pound bales for $12.00 per bale. Ellis cut the hay and Jay was to rake it and bale it for which service Jay was to receive from Ellis a credit upon his fertilizer bill with Ellis in the amount of $7.00 for each bale he baled. Ellis had no right of control over Jay’s baling operation nor did he have any claim to any profits which Jay made upon the baling operation. Moreover, Ellis was not responsible for any losses which Jay might incur in the haybaling operation. Jay was not a party to the Ellis/Penn contract and had no claim against the sum which Ellis received from Penn. The depositions establish the only compensation Jay was to receive from Ellis was the credit Jay was to receive against his fertilizer bill for the hay he baled for Ellis. The depositions do not contain the slightest suggestion that Jay’s right to the credit against his fertilizer bill with Ellis for each bale produced is in any way conditioned upon whether Penn paid Ellis under the Penn/Ellis hay contract. The depositions establish a contract between Ellis and Jay by the terms of which Jay was to bale the Penn hay for Ellis on a piece rate basis of $7.00 per bale which was to be paid by Ellis giving Jay a credit upon Jay’s fertilizer debt owed Ellis. This was essentially the extent of the agreement between Ellis and Jay at the time of the accident. The agreement did not contain any provision for a mutual sharing of profit or losses between Jay and Ellis. There was no genuine issue of fact that there existed no joint venture because a sharing of losses and profit are essential to the existence of the joint venture. LSA-C.C. art. 2801;[2] Sas Jaworsky v. LeBlanc, 239 *653 So.2d 176 (La.App. 3d Cir.1970); Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (1972); Josephs v. Austin, 420 So.2d 1181 (La.App. 5th Cir.1982); Electric Power Co-Op, Inc. v. McNamara, supra.
The trial court was correct in granting the summary judgment.
AFFIRMED at appellant’s cost.

. LSA-C.C.P. art. 966 provides in pertinent part:
. B. "The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”

. Art. 2801. Partnership, definition A partnership is a juridical person, distinct from its partners, created by a contract between *653 two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit.
Trustees and succession representatives, in their capacities as such, and unincorporated associations may be partners.