548 So.2d 113 (1989)
Robert E. RIDDLE, Plaintiff-Appellee,
v.
Gaylon D. SIMMONS and Louisiana State Gas Corporation, Defendants-Appellees.
No. 20738-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
Rehearing Denied September 21, 1989.
*114 Herman Castete, Winnfield, for plaintiff.
Hargrove, Guyton, Ramey & Barlow by Joseph L. Hargrove, Jr. and Vincent P. Slusher, Shreveport, John C. Blake, Jonesboro, for defendants.
James D. Caldwell, Jonesboro, for intervener.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
NORRIS, Judge.
James R. Baker appeals from the judgment dismissing his petition of intervention and sustaining the exception of no cause of action filed by defendants, Gaylon D. Simmons and Louisiana State Gas Corporation. We reverse.
On September 23, 1983 Robert E. Riddle filed suit against Simmons and Louisiana State Gas Corporation. The petition, as initially amended, alleged that Riddle, C.H. Allen, Baker and Simmons had entered into a partnership to purchase and develop land which included benefits from certain existing gas agreements and the construction of a pipeline in connection therewith. Riddle alleged that Simmons, acting on behalf of Louisiana State Gas Corp., a corporation in which Simmons is the sole shareholder, converted the profits from the gas agreements and the constructed pipeline to his own use. Riddle asked for damages of $2,500,000. Defendants moved for summary judgment, and plaintiff amended his suit to allege that the agreement was one of joint venture. The motion for summary judgment was denied.
On May 22, 1986 Baker filed a petition of intervention in this suit, and later an amending and supplemental petition of intervention. In these original and supplemental petitions Baker contended that he, Riddle, Allen and Simmons entered into a joint venture agreement to purchase and develop land. Each man had an area of expertise, and would use it to develop the property. Baker further alleged that they did purchase the property, and the former owner of the land transferred its right to receive gas from certain units producing oil and gas on the land to the new owners. The parties, in accordance with the joint venture, built a pipeline to transport the gas. Baker alleged Simmons breached the agreement and converted the profits from the gas and the pipeline, transferring them to his own corporation, Louisiana State Gas Corp. In the alternative Baker pled breach of contract and unjust enrichment, and asked for specific performance of the contract.
Defendants filed a peremptory exception of no cause of action to Baker's intervention, asserting that a joint venture agreement relating to the purchase and development of immovable property must be in writing, and that intervenor had failed to allege a written agreement. On October 16, 1987 the trial judge sustained the exception of no cause of action, finding that a writing is necessary to support a joint venture agreement that has as its object the purchase and development of immovable property. The judge dismissed Baker's petition, granting him leave to amend it. Baker sought to appeal from that ruling. This court held the judgment of dismissal could not be appealed from because it was not a final judgment.
On November 13, 1987 Baker filed an amended petition of intervention. Essentially, Baker added the information that Riddle, Allen, Simmons and Baker entered into an agreement to combine their skills, capital, and expertise in the conduct of a business. Defendants again filed an exception of no cause of action, which was also sustained. Baker's suit was dismissed in a judgment filed October 18, 1988.
Baker appeals, seeking review of both judgments sustaining the exceptions of no cause of action.
*115 Baker cannot appeal from the first ruling, in which the court sustained the exception and granted Baker leave to amend his petition. This is not a final judgment or an interlocutory judgment causing irreparable injury, and therefore is not appealable. LSA-C.C.P. art. 2083; Williams v. City of Bastrop, 458 So.2d 221 (La.App.2d Cir.1984). We consider only the judgment of October 18, 1988, which sustains defendants' exception of no cause of action and dismisses Baker's petition of intervention.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the petition and any attached documents. C.C.P. art. 931; Key v. Key, 519 So.2d 319 (La.App.2d Cir.1988). For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Owens v. Martin, 449 So.2d 448 (La.1984). Facts not alleged in the petition cannot be considered in ruling on the exception, which must be decided on the well pleaded facts in the petition. First Guaranty Bank v. Ratcliff, 374 So.2d 153 (La.App. 1st Cir.1979). Liberal rules of pleading prevail in Louisiana and each pleading should be so construed as to do substantial justice. When it can reasonably do so, the court should maintain a petition so as to afford the litigant an opportunity to present his evidence. Pence v. Ketchum, 326 So.2d 831 (La.1976).
Defendants' argument is that appellant's petition does not allege that the joint venture is a written agreement, and thus the petition of intervention failed to state a cause of action. This argument is based on the ground that no parol evidence can be used to prove a contract of joint venture involving the purchase or transfer of immovable property, nor for an accounting of profits realized from a joint venture involving real estate and mineral rights. Defendants rely on Hayes v. Muller, 245 La. 356, 158 So.2d 191 (La.1963) and Porter v. Johnson, 408 So.2d 961 (La.App.2d Cir. 1981), writ denied 412 So.2d 99 (La.1982). In both Hayes and Porter the plaintiffs specifically alleged in their petitions that the joint venture agreement was oral. Here, the petition of intervention, as amended, clearly alleges an agreement or contract between the parties to purchase and develop the property, but does not specify whether the agreement is oral or written.
This precise issue has previously been addressed by this court. When the petition does not disclose whether the contract is oral or written, the admissibility of whatever testimony defendants may anticipate to establish this well alleged fact is not at issue on an exception of no cause of action. Perdue v. Johnson, 35 So.2d 158 (La.App.2d Cir.1948).
Following this precedent, we must reverse the judgment sustaining defendants' exception of no cause of action and dismissing intervenor's petition. This matter is remanded to the trial court for further proceedings.
Costs of this appeal are assessed to the appellees.
REVERSED AND REMANDED.

ON APPLICATION FOR REHEARING
Before FRED W. JONES, Jr., NORRIS, LINDSAY, SEXTON and HIGHTOWER, JJ.
Rehearing denied.