589 So.2d 89 (1991)
Robert E. RIDDLE, Plaintiff-Appellant,
v.
Gaylon D. SIMMONS and Louisiana State Gas Corporation, Defendants-Appellees.
No. 22831-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
Rehearing Denied November 27, 1991.
Writ Denied February 14, 1992.
*90 Herman A. Castete, Winnfield, for plaintiff/appellant, Robert E. Riddle.
Norman R. Gordon & Associates by James D. Caldwell, Shreveport, for intervenor/appellant, James R. Baker.
Hargrove, Guyton, Ramey & Barlow by Joseph L. Hargrove, Jr., Shreveport, John C. Blake, Jonesboro, for defendants/appellees, Gaylon D. Simmons and Louisiana State Gas Corp.
Before NORRIS, LINDSAY and BROWN, JJ.
BROWN, Judge.
The issue presented in this appeal is whether parol evidence can be introduced to prove the existence of a joint venture to develop immovable property between co-owners of the property. The trial court granted summary judgment for defendants finding that parol evidence was prohibited to prove such an agreement. We reverse and remand.
On a prior appeal in this action we summarized the facts as follows:
On September 23, 1983 Robert E. Riddle filed suit against Simmons and Louisiana State Gas Corporation. The petition, as initially amended, alleged that Riddle, C.H. Allen, Baker and Simmons had entered into a partnership to purchase and develop land which included benefits from certain existing gas agreements *91 and the construction of a pipeline in connection therewith. Riddle alleged that Simmons, acting on behalf of Louisiana State Gas Corp., a corporation in which Simmons is the sole shareholder, converted the profits from the gas agreements and the constructed pipeline to his own use. Riddle asked for damages of $2,500,000. Defendants moved for summary judgment, and plaintiff amended his suit to allege that the agreement was one of joint venture. The motion for summary judgment was denied.
On May 22, 1986 Baker filed a petition of intervention in this suit, and later an amending and supplemental petition of intervention. In these original and supplemental petitions Baker contended that he, Riddle, Allen and Simmons entered into a joint venture agreement to purchase and develop land. Each man had an area of expertise, and would use it to develop the property. Baker further alleged that they did purchase the property, and the former owner of the land transferred its right to receive gas from certain units producing oil and gas on the land to the new owners. The parties, in accordance with the joint venture, built a pipeline to transport the gas. Baker alleged Simmons breached the agreement and converted the profits from the gas and the pipeline, transferring them to his own corporation, Louisiana State Gas Corp. In the alternative Baker pled breach of contract and unjust enrichment, and asked for specific performance of the contract.
Defendants filed a peremptory exception of no cause of action to Baker's intervention, asserting that a joint venture agreement relating to the purchase and development of immovable property must be in writing, and that intervenor had failed to allege a written agreement. On October 16, 1987 the trial judge sustained the exception of no cause of action, finding that a writing is necessary to support a joint venture agreement that has as its object the purchase and development of immovable property. The judge dismissed Baker's petition, granting him leave to amend it. Baker sought to appeal from that ruling. This court held the judgment of dismissal could not be appealed from because it was not a final judgment.
On November 13, 1987 Baker filed an amended petition of intervention. Essentially, Baker added the information that Riddle, Allen, Simmons and Baker entered into an agreement to combine their skills, capital, and expertise in the conduct of a business. Defendants again filed an exception of no cause of action, which was also sustained. Baker's suit was dismissed in a judgment filed October 18, 1988. See Riddle v. Simmons, 548 So.2d 113 (La.App. 2d Cir.1989).
In that appeal we ruled "(w)hen the petition does not disclose whether the contract is oral or written, the admissibility of whatever testimony defendants may anticipate to establish this well alleged fact is not at issue on an exception of no cause of action". Riddle, supra. Thus the trial court's granting of the exception of no cause of action was reversed and the case remanded for further proceedings.
On remand defendants filed an answer denying the existence of a joint venture agreement and a motion for summary judgment supported by admissions of Riddle and Baker that the alleged joint venture agreement was not reduced to a written instrument. The trial court awarded summary judgment for defendants and this appeal was taken. Thus the issue of the admissibility of parol evidence is squarely presented.
The record contains a Cash Sale Deed where Riddle, Baker, C.H. Allen and Simmons purchased from Timoz Development Corporation in 1977 several thousand acres of land in Jackson Parish for $2,122,915.80. All four were listed as co-owners and obtained financing for the purchase as co-makers of a promissory note. This land overlaid the Caney Lake Field and the purchasers obtained the benefit of an agreement by a previous owner, Crown Zellerbach Corporation, to take its share of gas in kind from producers in the Caney Lake Field.
*92 Simmons allegedly negotiated with the producers on behalf of the co-owners to take the gas in kind. A pipeline allegedly was constructed by the co-owners to transport the gas for sale. The contract with the producers and the pipeline was in the name of Simmons' corporation, Louisiana State Gas Corporation (State Gas). Except for one payment to the co-owners by defendants in October of 1979 of $60,000, all profits from the pipeline went to State Gas and Simmons.
A joint venture results from the undertaking by two or more persons to combine their efforts, knowledge, property or labor to engage in and carry out a single business venture for joint profit. A joint venture is analogous to a partnership and controlled largely by the rules applicable to partnerships. There must be a sharing of the profits and losses with each party having some right of control over the business. The existence or non-existence of a joint venture is a question of fact and each case must be considered according to its circumstances. The principal difference between a partnership and a joint venture is that while a partnership is ordinarily formed for the transaction of a general business of a particular kind, a joint venture is usually, but not necessarily, limited to a single transaction, although the business of conducting it to a successful termination may continue for a number of years. No formal or specific agreement is required. Generally the relationship may be formed by an oral agreement and the existence of a joint venture may be inferred from the conduct of the parties and other circumstances. Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (1972); Shepherd v. Jay, 508 So.2d 650 (La.App. 2d Cir.1987), writ denied, 513 So.2d 1209 (La.1987); American Fidelity Fire Insurance Company v. Atkison, 420 So.2d 691 (La.App. 2d Cir.1982); Latiolais v. BFI of Louisiana, Inc., 567 So.2d 1159 (La.App. 3d Cir.1990); Cajun Electric Power Co-op, Inc. v. McNamara, 452 So.2d 212 (La.App. 1st Cir. 1984), writ denied, 458 So.2d 123 (La.1984).
The claims asserted by plaintiff and intervenor in this case relate to the profits derived from the use of the immovable property purchased by the parties in equal undivided shares. Defendant-Simmons admitted in his deposition that the parties were joint owners of the property and its mineral rights. This fact is also supported by the Act of Sale contained in the record which lists plaintiff and intervenor as co-owners of the property. Thus ownership of the immovable property is not in dispute. Defendants deny, however, that a joint venture existed to develop the property.
LSA-C.C. Arts. 1832 and 1839 and the jurisprudence interpreting those articles establish that parol evidence is prohibited on issues involving the ownership of immovable property by requiring any contract concerning or affecting immovable property to be in writing. Although these articles literally demand only that transfers of immovable property be in writing, the jurisprudence has construed the articles to encompass all contracts concerning immovable property. See Chauvin v. Bohn, 411 So.2d 442 (La.1982); Torrey v. Simon-Torrey, Inc., 307 So.2d 569 (La.1974); Little v. Haik, 246 La. 121, 163 So.2d 558 (1964).
The instant litigation is directed towards the alleged conversion of profits from the real estate. Plaintiff and intervenor desire to use parol evidence to explain how the joint property was to be operated. The management and development of this property contains issues which are wholly distinct from the ownership of the property and the admission of parol evidence to establish a management agreement concerning the property would not be violative of LSA-C.C. Arts. 1832 and 1839. Thus, the trial court erred in granting defendants' motion for summary judgment as there existed genuine issues of material fact concerning the parties' agreement to share profits derived from the property. See LSA-C.C. Arts. 797 et seq.
Defendants have maintained that any agreement between the parties would have to be reduced to writing in order for plaintiff and intervenor to recover citing Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963), and Porter v. Johnson, 408 So.2d 961 (La.App. 2d Cir.1981), writ denied, 412 So.2d 99 (La.1982). Both of those cases involved plaintiffs seeking to recover profits realized from an alleged joint venture involving mineral leases. The Louisiana *93 Supreme Court in Hayes held that plaintiffs were prohibited from proving the alleged joint venture agreement by parol evidence in their demand for an accounting of profits received by the defendant. The holding was followed by this court in Porter wherein we ruled that parol evidence was not admissible to prove an alleged joint venture agreement in support of plaintiff's claim to a royalty interest.
In both Hayes and Porter, plaintiffs and defendants were not actual co-owners of the property involved. Further, in neither case did plaintiffs have any interest of record in the mineral leases. Whereas, in the instant case, plaintiff and intervenor are record owners of an undivided one-fourth interest each in the immovable property for which they are now claiming an accounting of revenues. Therefore, these cases are easily distinguishable and the holding prohibiting parol evidence in such instances is inapplicable in this action. Where a person claiming an interest in revenue from immovable property is not a record owner of that property such claims are tantamount to the assertion of an ownership interest thereby invoking the parol evidence rule. In cases such as this, however, where the claimants are co-owners of the immovable property, we see no reason to exclude parol evidence to establish agreements concerning the management, exploitation, development or sharing of profits with reference to the co-owned property. See LSA-C.C. Art. 801.

DECREE
For these reasons the summary judgment in favor of defendants is REVERSED and this matter is REMANDED to the trial court for further proceedings. Costs of this appeal are assessed to defendants.

APPLICATION FOR REHEARING
Before NORRIS, LINDSAY, HIGHTOWER, VICTORY and BROWN, JJ.
Rehearing denied.