# CHRYSLER CREDIT CORPORATION

v.

# WHITNEY NATIONAL BANK, et al.

### Nos. 91–1727, 91–4256 and 91–4257.

United States District Court,
E.D. Louisiana.

May 18, 1993.

McGlinchy, Stafford, Cellini, Lang, Rudy J. Cerone, Charles R. Penot, Anthony J. Rollo, New Orleans, LA, for plaintiff.

Milling, Benson, Woodward, Hillyer, Pierson and Miller, David McLean Culpepper, Talmadge M. Watts, John Tsai, New Orleans, LA, for defendants.

ORDER AND REASONS FOR RULING

CLEMENT, District Judge.

Chrysler's "Motion to Amend the Court's June 30, 1992 Order and Reasons for Ruling Based on Newly Discovered Evidence," Whitney's "Motion to Dismiss Plaintiff's Claims of Equitable Subordination and Joint Venture or, Alternatively, to Strike such Claims from the Pre–Trial Order," Chrysler's "Motion to Reconsider the Portion of the Court's April 22, 1993 Order and Reasons for Ruling Finding that Chrysler Credit has no Claim for Conspiracy to Defraud," and Chrysler's request for a ruling on the issue of any Toyota of Jefferson's fiduciary duty to Chrysler were considered this date on memoranda. For the reasons stated below, Chrysler's motion to amend the Court's Order and Reasons is GRANTED, Chrysler's motion to reconsider is DENIED, Chrysler's alternative motion to amend its pleadings is GRANTED, and Whitney's motion to dismiss Chrysler's joint venture claim and Chrysler's request for ruling on the issue of fiduciary duty remain under submission and will be considered at trial if re-urged pursuant to Fed.R.Civ.P. 50.

## I. CHRYSLER'S MOTION TO AMEND

■ In its July 1, 1992 Order and Reasons for Ruling, the Court held that the so-called "legal rule," the pre-UCC priority rule most consistent with Louisiana law, governed a priority dispute between a proceeds-secured creditor's security interest in funds deposited into the debtor's account and the depository bank's right of set-off under La.R.S. 6:316. *Chrysler Credit Corp. v. Whitney National Bank,* 798 F.Supp. 1234, 1243–44. Under the legal rule, the bank may not apply the account to satisfy a debt owed by the depositor where it can be charged with knowledge of the interest of a third party. *Id.* at 1243, *citing National Acceptance Co. of America v. Va. Capital Bank,* 498 F.Supp. 1078, 1083 (E.D.Va.1980), *rev'd on other ground,* 673 F.2d 1314 (4th Cir.1981).

Plaintiff Chrysler Credit Corporation (Chrysler) has filed a motion to amend the Court's July 1, 1992 order. Chrysler contends that evidence discovered after the en-try of that order establishes that defendant Whitney National Bank (Whitney) had actual notice, through its counsel of record, of Chrysler's interest in the funds in the deposit account of Toyota of Jefferson (TOJ).

Whitney concedes that it had possession and knowledge of Chrysler's Collateral Chattel mortgage. Consequently, the issue of actual notice is not disputed, and Chrysler's motion may be granted.

In response to Chrysler's motion, Whitney has re-urged many of the arguments it advanced in support of its motion for partial summary judgment on the issue of conversion. Although not entirely without merit, these arguments have been considered and reconsidered by this Court for the last time.

## II. JOINT VENTURE

On March 30, 1993, in response to a request by the Court for memoranda on the issue of equitable subordination, Whitney filed its "Motion to Dismiss Plaintiff's Claims of Equitable Subordination and Joint Venture or, Alternatively, to Strike Such Claims from the Pre–Trial Order." The Court subsequently denied Whitney's motion as to equitable subordination as moot, in light of the Court's final resolution of the priority issue, but withheld ruling on the (unsolicited) portion of Whitney's motion dealing with the joint venture issue.

This dispute is centered around Contested Issue of Law (45) in the Pre–Trial Order, which reads as follows:

(45) Whether Whitney's and/or Andignac's involvement in the operations of TOJ and ongoing daily decisions on whether to pay TOJ's prior day's overdrafts resulted in Whitney and TOJ being joint venturers as a matter of law.

Whitney contends that Chrysler should not be permitted to rely on this joint venture theory because (1) it was not pleaded in Chrysler's complaints, and (2) Chrysler cannot maintain it as a matter of law.

As to whether this theory was pleaded, Chrysler contends that this issue is preserved for trial by its inclusion in the Pre–Trial Order, and notes that "the order following a final pretrial conference shall be modi-

fied only to prevent manifest injustice." Fed.R.Civ.P. 16(e). Chrysler notes that this issue has been contemplated by Whitney at least since July 1992, when Whitney submitted proposed jury instructions on this issue. Chrysler contends that Whitney's remedy was a motion for summary judgment. Chrysler has not discussed the merits of its joint venture claim.

■ Whitney notes that, under Louisiana law, a "joint venture" arises where the parties seek to combine their efforts, knowledge, property or labor to engage and carry out a single business venture for joint profit, where profits and losses are shared and each party has some right of control over the business. *Riddle v. Simmons*, 589 So.2d 89, 92 (La. App.2d Cir.1991). Whitney contends that it never was involved in any profit-sharing arrangement with TOJ, "a *sine qua non* of the joint venture relationship." *Cantieri Navali Riuniti v. M/V SKYPTRON*, 621 F.Supp. 171, 187 (W.D.La.1985).

■ There is merit to Whitney's contention that a "joint venture" never existed, as a matter of law, as it appears that Whitney did not "share profits" with TOJ. However, Whitney's "Motion to Dismiss," to the extent that it is to be a Rule 12(b)(6) motion to dismiss, has been waived. To the extent that it is a Rule 56 motion for summary judgment, it is untimely under the Court's scheduling order, and Whitney has failed to meet its burden of "identifying portions of the record which highlight the absence of genuine factual issues." *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir.1992). To the extent that it is a Rule 16(e) motion to amend the pretrial order, Whitney has failed to meet the "manifest injustice" standard. Thus, due to the procedural posture in which this issue has been presented, the Court will refrain from ruling on the issue at this time, but will consider the legal arguments presented in Whitney's memorandum in the event that Whitney moves for judgment as a matter of law on this issue at trial.

## III. FIDUCIARY DUTY

■ As the Court noted in its March 3, 1993 Order and Reasons, the Collateral Chattel Mortgage and Security Agreement entered into by Chrysler and TOJ did not require TOJ to segregate the proceeds of its new car sales—a factor which strongly mitigates against a finding of an express trust. *In re Sakowitz*, 949 F.2d 178, 184 (5th Cir. 1991). The Court concluded that TOJ and Chrysler did not have the sort of "trustee-beneficiary relationship" contemplated by the Louisiana Uniform Fiduciaries Act.

Chrysler contends that the Court should impose upon TOJ some type of fiduciary duty not associated with the existence of an express trust. Chrysler notes that the Louisiana Supreme Court has held that the term "fiduciary capacity" applies to arrangements other than express trusts:

> One is said to act in a "fiduciary capacity" or to receive money or contract a debt in a "fiduciary capacity," when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation applying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part. The term is not restricted to technical or express trusts, but also includes such offices or relations as those of an attorney at law, a guardian, executor, or broker, a director of a corporation and a public officer.

*State v. Hagerty*, 251 La. 477, 205 So.2d 369, 374–75 (1967). Another authority defines "fiduciary duty" as

> [a] duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person. It is the highest standard of duty implied by law (*e.g.*, trustee, guardian).

Black's Law Dictionary 625 (6th Ed.1990).

Although the contracts between Chrysler and TOJ may have imposed more obligations on TOJ than one would find in the usual creditor-debtor relationship, it does not appear that TOJ was required "to act for Chrysler's benefit," or "subordinate its personal interests to those of Chrysler." The fiduciary relationships described by the Louisiana Court in *Hagerty* involve situations where one party is entrusted by another to

manage its affairs or finances ("such offices or relations as those of an attorney at law, a guardian, executor, or broker, a director of a corporation and a public officer"). The contracts between Chrysler and TOJ only required TOJ to remit the proceeds of new car sales to Chrysler, and do not appear to require TOJ to manage an account on Chrysler's behalf or to otherwise act in a fiduciary capacity.

■ Despite the foregoing, the Court is hesitant to rule on a dispositive issue of law upon a party's "request for ruling" contained in the Pre–Trial Order. One or both parties could have filed a motion for partial summary judgment on Chrysler's aiding/abetting breach of fiduciary duty claim, but neither party chose to do so. In the absence of a formal, timely motion for partial summary judgment, the Court declines to rule and will consider this issue at trial in the event that either party moves for judgment as a matter of law.

## IV. CHRYSLER'S MOTION FOR RECONSIDERATION

### A. Pleading Fraud Under Fed.R.Civ.P. 9(b)

■ Chrysler has moved for reconsideration of the Court's ruling that Chrysler failed to adequately plead fraud with specificity, as required by Fed.R.Civ.P. 9(b). Chrysler notes that some courts have deemed claims to be adequately pleaded where the defendant has actual notice of the plaintiff's claim through pleadings submitted after the complaint and other communication between the parties. Chrysler further contends that Whitney had actual notice of Chrysler's intention to file a fraud claim, via various pleadings and reports filed in this litigation.

The Court finds this argument unpersuasive. Although post-complaint notice may be sufficient in most circumstances to meet the relaxed pleading requirements of Fed. R.Civ.P. 8, Chrysler has failed to cite any authorities which stand for the proposition that post-complaint notice satisfies the requirements of Fed.R.Civ.P. 9(b). Rule 9(b) requires the complainant to do more than

make reference to fraud in various post-complaint pleadings.

### B. Amendment of Pleadings

■ In the alternative, Chrysler contends that it should be permitted to amend its pleadings at trial, pursuant to Fed.R.Civ.P. 15, to assert this cause of action. Chrysler contends that Whitney will not be prejudiced by the amendment, in light of its actual notice of the claim and the factual overlap between the aiding/abetting fraud claim and the other claims asserted. Chrysler points out that, if the amendment is not allowed, it can recover only under a conversion theory, even if it proves every element of its conspiracy to defraud claim.

Whitney contends that Chrysler should not be permitted to amend its pleadings because Chrysler was negligent in failing to adequately plead fraud earlier in the proceedings, and that an amendment at this time would prejudice Whitney "because Whitney has not had the opportunity to attack the legal sufficiency of such a claim through pre-trial motions."

Fraud has been a major part of this case at least since July 1, 1992, when the Court issued its first Order and Reasons concerning the parties' cross-motions for summary judgment on Chrysler's conversion claim, holding that Chrysler must prove fraud or collusion to recover in conversion under the facts presented. In other words, Chrysler must establish that its loss was the result of a conspiracy between TOJ and Whitney to acquire the proceeds of Chrysler's collateral, rather than the result of an ordinary, albeit unfortunate, series of commercial transactions. In large part, Chrysler's conversion claim against Whitney *is* an aiding/abetting fraud claim.

The Court finds unpersuasive Whitney's contention that it would be prejudiced by its inability to file pre-trial motions on this issue. If Whitney believed that there were no genuine issues of material fact as to whether it engaged in fraudulent or collusive behavior, it should have filed a motion to reconsider the Court's order denying its motion for summary judgment on Chrysler's conversion

claim based on this ground.[1]  Moreover, to the extent that Whitney still believes that there are no genuine issues of material fact as to whether it engaged in fraudulent or collusive behavior, it may move for judgment as a matter of law at trial.

There is merit to Whitney's contention that Chrysler should have moved to amend its pleadings earlier in this litigation.  If Chrysler's aiding/abetting fraud claim differed substantively from its other claims, this factor would militate strongly against allowing a trial amendment.  However, this factor is outweighed by the almost total overlap between the elements of Chrysler's aiding/abetting fraud, conversion and aiding/abetting conversion claims.  Accordingly, the Court will permit Chrysler to amend its pleadings at trial, and will instruct the jury on Chrysler's theory of aiding/abetting fraud.

## V.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Chrysler's "Motion to Amend the Court's June 30, 1992 Order and Reasons for Ruling Based on Newly Discovered Evidence," is GRANTED;

IT IS FURTHER ORDERED that Chrysler's "Motion to Reconsider the Portion of the Court's April 22, 1993 Order and Reasons for Ruling Finding that Chrysler Credit has no Claim for Conspiracy to Defraud" is DENIED, and that Chrysler's alternative motion to amend its pleadings at trial is GRANTED;

IT IS FURTHER ORDERED that Chrysler's request for a ruling on the issue of Toyota of Jefferson's fiduciary duty to Chrysler and Whitney's motion to dismiss Chrysler's joint venture claim remain under submission and will be considered at trial if re-urged pursuant to Fed.R.Civ.P. 50.

---

1.  Whitney did not hesitate to move for reconsid-  eration on other legal theories.