WICKER, J.,
CONCURS WITH REASONS.
| T Although I agree with the result reached by the majority, I write separately to respectfully express my own reasoning.
In the proceedings below, Mr. Treme asserted various claims against the Bank, First Bank CDC, and Mr. Canizaro. In this appeal, Mr. Treme only argues the trial court erred in entering its judgment in favor of Mr. Canizaro on Mr. Treme’s intentional interference claims.
Mr. Treme claims that Mr. Canizaro intentionally interfered with contracts for both The Renovation Project and the Al-bertson’s Site. These contracts were between both Mr. Treme and the Bank, and Mr. Treme and First Bank CDC. As an initial matter, I agree with the majority that, because Mr. Treme did not raise the claim that Mr. Canizaro interfered with his contract with the Bank at the trial court, that matter is not before us. Additionally, I agree with the result the majority reached with regard to Mr. Treme’s claim for intentional interference of his contracts with regard to the Albertson’s Site.
In order to sustain a claim for intentional interference of contract, one must prove that there is a contract that was interfered with. 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989). As to the alleged joint venture for the Albertson’s Site, while I agree that joint ventures are governed in part by contract hlaw, I do not agree that joint ventures, are subject to the proof requirements of La. C.C. art. 1846.[3]
As previously explained by this Court:
A joint venture results from the undertaking by two or more persons to combine their efforts, knowledge, property or labor to engage in and carry out a single business venture for joint profit. A joint venture is analogous to a partnership and controlled largely by the rules applicable to partnerships. There must be a sharing of the profits and losses with each party having some right of control over the business. The existence or non-existence of a joint venture is a question of fact and each case must be considered according to its circumstances. The principal difference between a partnership and a joint venture is that while a partnership is ordinarily formed for the transaction of a general business of a particular kind, a joint venture is usually, but not necessarily, limited to a single transaction, although the business of conducting it to a successful termination may continue for a number of years. No formal or specific agreement is required. Generally the relationship may be formed by an oral agreement and the existence of a joint venture may be inferred from the conduct of the parties and other circumstances.
Glass v. Berkshire Dev., 612 So.2d 749, 751 (La.App. 5 Cir. 12/16/92) (quoting Riddle v. Simmons, 589 So.2d 89, 92 (La.App. 2 Cir.1991), writ denied, 592 So.2d 1316 (La.1992).)
In light of the foregoing, I would conclude that La. C.C. art. 1846 does not apply in this matter. However, I agree with the trial court in its underlying conclusion that Mr. Treme has failed to set forth evidence to create a genuine issue of material fact as to the existence of a joint venture. Therefore there is no genuine issue of material fact to maintain an inten *614 tional interference claim. Accordingly, I agree that the trial court’s judgment should be affirmed.

. La. C.C. art. 1846, in relevant part, states "[w]hen a writing is not required by law, a contract not reduced to writing for a price or value in excess of five hundred dollars ($500.00) must be proved by, at least, one witness and other corroborating circumstances."