777 So.2d 1271 (2001)
Michael Barton HARVILL and Stephen B. Harvill, Plaintiffs-Appellees,
v.
Garland ARNOLD, City of Shreveport and KTBS Inc., Defendants-Appellees.
No. 34,409-CA.
Court of Appeal of Louisiana, Second Circuit.
January 26, 2001.
*1272 John Cucci, Jr., Elton B. Richey, Jr., Shreveport, Counsel for Appellants.
Rogers & Hearne by Fred A. Rogers, III, Shreveport, Beard & Sutherland by Roy L. Beard, Shreveport, Blanchard, Walker, O'Quin & Roberts by A.M. Stroud, III, Bossier City, Robert Thompson, III, Shreveport, Counsel for Appellees.
Before NORRIS, WILLIAMS and DREW, JJ.
*1273 DREW, Judge.
Randall Lee Harvill, Randall D. Harvill, Ken Anderson and Moody Investment Corporation appeal a judgment dismissing their petition in intervention as prescribed.
We reverse and remand.

FACTS
At a June 1998 tax sale, Moody Investment Corporation ("Moody") purchased property located at 645 Prospect Avenue in Shreveport. Janie Collett subsequently began leasing this property from Moody. It is alleged that on September 18, 1998, Garland Arnold reported to Shreveport Police that the Prospect Avenue dwelling belonged to him and was being wrongfully occupied and leased. When Michael Harvill and Stephen Harvill, agents of Moody, appeared at the Prospect Avenue address to collect the rent from Collett, they were arrested and charged with attempted felony theft. Randall D. Harvill, upon learning that there was a warrant for his arrest, surrendered to police. The charges against Michael Harvill and Stephen Harvill were refused by the District Attorney on January 29, 1999. A nolle prosequi was entered in Randall D. Harvill's criminal case on April 9, 1999.
Present at the arrest of Michael Harvill and Stephen Harvill were KTBS reporter Liz Swaine and a cameraman who filmed the arrest. A news story about the arrest, as well as video footage of the arrest, was broadcast on KTBS on October 2, 1998. Swaine stated that: (i) the Harvills had a lucrative and illegal business of renting out houses that didn't belong to them; (ii) the "members of the rental ring" would "unboard vacant houses" and rent them without the knowledge of the absentee owners; (iii) homes throughout the city were possibly being rented illegally as the Prospect home was not the only one being rented illegally; (iv) the investigation began when the legitimate owner called police after discovering someone was living in one of his houses and (v) police were also looking for Randall Harvill. Moody was not mentioned during the report.
On May 12, 1999, Michael Harvill and Stephen Harvill filed suit against Garland Arnold, the City of Shreveport and KTBS, Inc. They alleged that the statements made during the October 2, 1998 KTBS broadcast were false and defamatory and amounted to an invasion of their privacy. They further alleged that they suffered damages including loss of rental income, emotional distress, embarrassment, expenses incurred in posting bail, loss of business reputation and standing, and loss of income.
On October 25, 1999, more than one year after the KTBS broadcast, Randall Lee Harvill, Randall D. Harvill, Ken Anderson and Moody Investment Corporation filed a petition in intervention. According to this petition, Randall Lee Harvill, Randall D. Harvill, Ken Anderson, Michael Harvill, Stephen Harvill and Moody entered into a joint-venture to purchase property at tax sales, with Moody acting as agent. The intervenors asserted that they had an interest in the original suit and desired to enforce their rights related and connected with the object of that action. Adopting the allegations in the original petition, the intervenors asserted that KTBS had defamed them and invaded their privacy. They sought damages from KTBS and the other defendants for loss of personal reputation, loss of business reputation and standing, embarrassment, emotional distress, loss of income and profits, loss of future income and profits and legal costs. Leave of court to file the intervention was granted.
On February 15, 2000, KTBS filed the peremptory exception of prescription in response to the petition in intervention. Attached to the exception is an affidavit from Gary Hines, Assistant News Director at KTBS. Hines stated that the story broadcast contained no references to Ken Anderson or Moody Investment Corporation, there was only one reference to a Randall Harvill, and no story was *1274 reported other than on October 2, 1998. KTBS's exception of prescription was granted. Judgment dismissing the petition in intervention as it related to KTBS was rendered on May 4, 2000.

DISCUSSION
A third person having an interest therein may intervene in a pending action to enforce a right related to, or connected with, the object of the pending action against one or more of the parties thereto, by joining with plaintiff in demanding the same or similar relief against the defendant. La.C.C.P. art. 1091. Interventions should be liberally allowed. Riddle v. Simmons, 626 So.2d 811 (La.App. 2d Cir. 1993), writ denied, 93-2920 (La.4/29/94), 637 So.2d 459.
The petition in intervention was filed more than one year after the date of the KTBS broadcast. Delictual actions are subject to a liberative prescription of one year. La.C.C. art. 3492. Prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Bouterie v. Crane, 616 So.2d 657 (La.1993).
In Giroir v. South Louisiana Medical Center, Div. of Hospitals, 475 So.2d 1040 (La.1985), the supreme court set forth four factors to be considered when determining whether an amended petition adding or substituting a plaintiff should be allowed to relate back to the date of the filing of the original petition. This court has utilized the Giroir test to determine whether an original petition interrupted prescription for the benefit of an untimely intervention. Riddle, supra. The four Giroir factors are: (1) The amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading. (2) The defendant either knew or should have known of the existence and involvement of the new plaintiff. (3) The new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated. (4) The defendant will not be prejudiced in preparing and conducting his defense.
No essential protective purpose of a prescriptive statute is violated by permitting relation back of post-prescription amendments or interventions that are based on the same factual situations pleaded in the original timely petition. The prescriptive limitation does not bar these subsequent claims because the defendant, through earlier legal demand on behalf of indicated interests, received adequate and timely notice that his liability arising out of the factual occurrence is sought to be enforced. The fundamental purpose of prescriptive statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect against stale claims and the non-preservation of relevant proof. Giroir, supra; Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979); Riddle, supra.
Applying the four Giroir factors to this case, it is apparent that the petition in intervention related back to the filing of the original petition. First, the intervention arose out of the same occurrence set forth in the original pleading. Both plaintiffs and intervenors sought damages from KTBS as a result of the October 2, 1998 broadcast.
Second, KTBS knew or should have known of the existence and involvement of the intervenors. Moody was never specifically mentioned during the broadcast. Nonetheless, the original petition stated that: (i) Michael Harvill and Stephen Harvill were agents for Moody; (ii) Moody was the owner of the Prospect Avenue property; and (iii) Moody leased the property to Janie Collett. The petition obviously alerted KTBS to the existence and involvement of Moody. Moreover, the tax sale deed attached to the petition clearly states that Moody owned the property in question. During the October 2, 1998 broadcast, KTBS reported that police were also looking for Randall Harvill. Although two Randall Harvills are named as intervenors, KTBS was made aware by its own broadcast that someone named Randall Harvill *1275 was involved in the investigation and rental ring. Ken Anderson was never mentioned; however, KTBS should have been cognizant of the likelihood that there were other parties who may have been involved. KTBS referred to "members of the rental ring" in its broadcast, which suggested an enterprise and indicated that at that time KTBS believed, based on what the police told them, that others besides the aforementioned Harvills were involved.
Third, the intervenors and the original plaintiffs are sufficiently related such that the intervenors are not wholly new and unrelated. Michael Harvill and Stephen Harvill are agents of Moody, and they were performing their duties as agents on behalf of Moody when they were arrested. Moreover, according to the petition in intervention, the original plaintiffs and the intervenors were apparently involved in a joint-venture to purchase property at tax sales; thus, a business relationship exists between the plaintiffs and the intervenors. Finally, there is no evidence in this record that KTBS will be prejudiced in preparing and conducting its defense. The allegations against KTBS are simple, as they revolve around a broadcast on a single date. Evidence used by KTBS to defend itself against the original claims will undoubtedly also be used by KTBS in its defense against the claims of the intervenors.

CONCLUSION
The filing of the original petition interrupted prescription for the benefit of the petition in intervention. Accordingly, the trial court erred in granting KTBS's peremptory exception of petitioner's to the petition in intervention.

JUDGMENT
At appellee's cost, the judgment is REVERSED and the case is REMANDED to the trial court for further proceedings.