# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-514


**MARY ANN CHARLES CALBERT**

**VERSUS**

**ORLANDO J. BATISTE**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20084022
HONORABLE JULES DAVID EDWARDS III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
John D. Saunders, Judges.

**AFFIRMED IN PART, REVERSED IN PART.**

**Guy Olden Mitchell, III**
**Attorney at Law**
**225 Court Street**
**Ville Platte, LA 70586-4492**
**(337) 363-0400**
**Counsel for Intervenor Appellant:**
**Major Patrick Calbert**

**Paul Daniel Gibson**
**John Blake Boudreaux**
**Gibson, Gruenert, et al.**
**P. O. Box 3663**
**Lafayette, LA 70502**
**(337) 233-9600**
**Counsel for Defendant Appellee:**
**Lafayette City-Parish Consolidated Government**

**Randal Lee Menard**
**Attorney at Law**
**P. O. Box 80795**
**Lafayette, LA 70598**
**(337) 857-8881**
**Counsel for Plaintiff Appellee:**
**Mary Ann Charles Calbert**

**Laura Lee Putnam**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Division of Risk Litigation**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70502**
**(337) 262-1700**
**Counsel for Defendant Appellee:**
**State of Louisiana, Dept. of Transportation & Development**

**SAUNDERS, Judge.**

This case addresses whether the exceptions of *lis pendens* and prescription were properly granted in a suit instituted by Major Calbert (hereinafter referred to as "Major") asserting wrongful death and survival actions.

For the following reasons we affirm in part and reverse in part the trial court's granting of the exceptions.

**FACTS AND PROCEDURAL HISTORY**:

On July 23, 2007, while walking along Louisiana Highway 14, Raymond Calbert (hereinafter referred to as "Raymond") was struck by a vehicle driven by Orlando Batiste (hereinafter referred to as "Batiste"). Raymond subsequently died the same day as a result of the injuries he sustained in the accident. On July 14, 2008, an action was filed on behalf of Mary Ann Charles Calbert (hereinafter referred to as "Mary Ann"), individually and on behalf of her minor son, Rashaun Devon Calbert (hereinafter referred to as "Rashaun"), against Batiste. The suit is marked as Docket No. 2008-4022-B. Mary Ann is the surviving spouse of Raymond, and Rashaun is their minor child together. Not included as a party in the suit was Major, the son of Raymond and Patricia Dillon Calbert.

Major, on August 28, 2008, filed his own suit asserting wrongful death and survival action claims against Batiste and Appellees, the State of Louisiana Department of Transportation and Development (hereinafter referred to as "DOTD") and Lafayette City-Parish Consolidated Government (hereinafter referred to as "LCG"). The suit was filed separately from that of Mary Ann and Rashaun. Major asserts that the suit was an attempt to intervene in same, but that the caption was inadvertently given an independent docket number–Docket No. 2008-4932-A. Exceptions of prescription, vagueness, and improper service were filed by the

defendants.

On December 1, 2008, Major filed a Petition of Intervention in Mary Ann's suit, Docket No. 2008-4022-B, adding DOTD and LCG as defendants along with Batiste. DOTD and LCG filed exceptions of prescription, vagueness, and no cause of action. They also brought an exception of *lis pendens*, claiming that the existence of Major's first suit, Docket No. 2008-4932-A, prevented him from intervening in the current matter.

On January 12, 2009, the exceptions filed in the separate Major suit, Docket No. 2008-4932-A, were heard by Judge Trahan of the 15th Judicial District Court. Judge Trahan ordered the Major suit to be transferred to the pending Mary Ann suit, Docket No. 2008-4022-B.

On February 17, 2009, the exceptions in the Mary Ann suit (those at issue before this court) were heard by Judge Jules Edwards. Judge Edwards granted the Appellees' exceptions of prescription and *lis pendens*. The exceptions of vagueness and no cause of action were not considered by the court in light of the granting of the other exceptions. Major then filed a Motion to Reinstate Lawsuit in the separate Major suit, Docket No. 2008-4932-A. Judge Trahan reiterated his order that the matter be transferred to Judge Edwards.

Major now appeals the granting of the exceptions of prescription and *lis pendens* in the Mary Ann suit, Docket No. 2008-4022-B. He asserts the following assignment of error:

**ISSUE:**

> Whether the trial court erred as a matter of law in granting the exceptions of *lis pendens* and prescription in this matter.

**LAW AND DISCUSSION ON THE MERITS:**

## *Lis Pendens*

We will first address the *lis pendens* exception. Appellees, DOTD and LCG, filed exceptions of *lis pendens* claiming that the existence of Major's initial suit, Docket No. 2008-4932-A, prevented Major from being able to intervene in the suit originally brought by Mary Ann, Docket No. 2008-4022-B. The trial court agreed and granted the exception. We disagree.

Louisiana Code of Civil Procedure Article 531 reads as follows:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution or any of the suits, but the first final judgment rendered shall be conclusive of all.

The article requires that three elements be satisfied in order for the granting of a *lis pendens* exception to be proper: (1) There must be two or more suits pending in Louisiana courts; (2) the suits must arise out of the same transaction or occurrence, and; (3) the suits must be made up of the same parties in the same capacities. In the present matter, requirements (2) and (3) are clearly met. The suits are virtually identical and include all the same parties. We find, however, that requirement (1) has been left unsatisfied.

The purpose underlying the *lis pendens* rules is to protect defendants from having to suffer the costs and burdens of litigating two or more suits when only one is needed to satisfy the dispute. We find that granting the exception in the present matter would be out of character with the article's intent. Major claims that the original suit was brought with the intent of it being an intervention into the suit brought by Mary Ann, but that it was inadvertently given a separate docket number. Whether or not this is true is irrelevant, although there is some indication that there

may be some merit to Major's claim considering that he filed a pleading entitled "Petition to Intervene with Petition for Damages and Wrongful Death." What we are concerned with in this matter is the idea of barring a plaintiff from bringing a suit solely because another similar suit existed in name only.

Major's original suit was scheduled to be held in the court of Judge Trahan. Recognizing that the matter should be tried as an intervention into the suit brought by Mary Ann before Judge Edwards, Judge Trahan transferred the suit to that court. The original suit was not going to be heard, and there was no danger of the Appellees having to litigate multiple versions of the same suit. We saw evidence of this when, after Judge Edwards granted the exceptions dismissing Major's case, Major attempted, as a measure of last resort, to revive the suit before Judge Trahan. The request was rejected with the court reiterating that the matter had been transferred. If we were to uphold this exception, we would, in effect, be preventing Major from bringing his suit at all. Therefore, we find that, for the purposes of La.Code Civ P. art. 531, multiple suits were not pending, and the granting of the *lis pendens* exception was not proper.

<u>Prescription</u>

Louisiana Civil Code Articles 2315.1 and 2315.2 state that, along with certain other relatives, the surviving children of a person, whose death was caused by the fault, offense, or quasi-offense of another, may bring wrongful death and survival actions within one year of the decedent's death.

Art. 2315.1 Survival Action

A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor

of:
> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

> 2315.2 Wrongful death action

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:

> (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
> . . . .

> B. The right of action granted by this Article prescribes one year from the death of the deceased.

In the present matter, Major, without prescription being interrupted, would have had until July 23, 2008 to have brought his suit for wrongful death and survival damages.

Generally, the party pleading prescription bears the burden of proof. However, when, on the face of the petition, it appears that prescription has run, the burden shifts to the plaintiff to prove that prescription has been interrupted. *Younger v. Marshall Ind., Inc.*, 618 So.2d 866 (La.1993); *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383 (La.1993). In the present matter, it appears that such is the case. Since Major did not file his intervening suit until December 1, 2008, the burden of disproving prescription is his to bear.

The initial suit filed by Mary Ann, in which Major is seeking to intervene, was brought against Batiste only. Louisiana Code of Civil Procedure Article 1091 directs that:

> A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:

> (1) Joining with plaintiff in demanding the same or similar relief

against the defendant;

(2) Uniting with defendant in resisting the plaintiff's demand; or

(3) Opposing both plaintiff and defendant.

Here, Major is joining with the plaintiff in demanding the same or similar relief against the defendant. For the purposes of this discussion, we will consider only Major's claim of wrongful death damages. The survival action will be addressed later. As the one year liberative prescription period has already run against Major, we must consider whether the original petition brought by Mary Ann interrupted prescription for the benefit of an untimely intervening suit. To determine this, we look to the test set out by the Louisiana Supreme Court in *Giroir v. South Louisiana Medical Center Div. Of Hospitals*, 475 So.2d 1040 (La.1985). The test was originally used to determine whether an amended petition adding or substituting a plaintiff should be allowed to relate back to the date of the filing of the original petition, but multiple courts have used the same test in considering prescribed intervening suits. *Riddle v. Simmons*, 626 So.2d 811 (La.App. 2 Cir. 1993), *writ denied*, 93-2920 (La. 4/29/94), 637 So.2d 459; *Harville v. Arnold*, 34,409 (La.App. 3 Cir. 1/26/01), 777 So.2d 1271.

> [A]n amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
>
> *Giroir*, 475 So.2d at 1044 (citations omitted).

In examining the four *Giroir* factors, it is clear that Major's intervening wrongful death claim against Batiste relates back to the time of the original filing by

Mary Ann. The claims are virtually identical and arise from the same occurrence–the accident on Highway 14 that ultimately lead to the death of Raymond. Considering that the original suit was brought by Raymond's surviving spouse and minor child, it should have been anticipated that Raymond's other children might choose to enter the suit. Major is not a wholly new or unrelated party. He is suing in the same capacity as Mary Ann and Rashaun. For these reasons, Batiste would not be prejudiced in preparing and conducting a defense against Major, as the defense put forth would be identical to the one that would be presented against Mary Ann and Rashaun.

While we find that Major's wrongful death action against Batiste has not prescribed, his claims against the Appellees, DOTD and LCG, are not as clear. In considering this issue, we keep in mind that "[p]rescriptive statutes, under our jurisprudence, are strictly construed in favor of maintaining rather than barring actions. *Taylor v. Liberty Mutual Ins. Co.*, 579 So.2d 443 (La.1991); *Montminy v. Jobe*, 600 So.2d 121 (La.App. 2d Cir. 1992), *writ denied*, 604 So.2d 1003 (La.1992)." *Riddle*, 626 So.2d at 814.

Major argues that the original suit filed by Mary Ann interrupted prescription as to all the defendants because all the defendants are solidarily liable. In support of his position, Major points us to *Sam v. Sorrel Electrical Contractors, Inc.*, 525 So.2d 244 (La.App. 1 Cir.), *writ denied*, 532 So.2d 133 (La. 1988) and *Fifth District Finance Co. v. Harvey*, 189 So. 622 (La.App.Orleans 1939). Appellee, LCG, correctly points out that the jurisprudence relied on in Major's argument is outdated and inapplicable to the current case. We nonetheless find merit in Major's conclusion, although for different reasons. Major erred in contending that DOTD and

-7-

LCG were liable *in solido*. Louisiana Civil Code Article 2324 addresses the liability of solidary and joint obligors:

> A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.

> B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation . . . .

> C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.

DOTD and LCG are not alleged to have conspired to commit an intentional or willful act. For the purposes of this litigation they are joint tortfeasors along with Batiste. Recent case law and the above article clearly show that when prescription is interrupted as to one joint tortfeasor, it is interrupted as to all joint tortfeasors. *Wheat v. Nievar*, 07-0680 (La.App. 1 Cir. 2/08/08), 984 So.2d 773; *Boquet ex. rel. Billiot v. SWDI, LLC*, 07-0738 (La.App. 1 Cir. 6/06/08), 992 So.2d 1059, *writ denied*, 08-2086 (La. 9/04/09),__ So.3d __. "Thus, the addition of additional defendants in a suit will relate back to the date of the original if the defendants are joint tortfeasors." *Id.* at 1063.

Appellees, DOTD and LCG, contend that before prescription can be interrupted, there must be an analysis determining whether the claims relate back to the time of the original petition using the four factors established in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983). We disagree. "Once a plaintiff establishes that a joint or solidary tortfeasor has been timely sued, consideration of the concept of relating back to interrupt prescription is not necessary. *See Etienne v. National Automobile Ins. Co.*, 99-2610, p. 7 (La. 4/25/00), 759 So.2d 51, 56-57; *Perkins v. Willie*, 2003-0126, pp. 4 & 6 (La.App. 1 Cir. 4/2/04), 878 So.2d 574, 576 & 577-

578." *Wheat*, 984 So.2d at 776. Thus, we find that in light of our determination that prescription was interrupted as to Major's wrongful death claim against Batiste, his wrongful death claims against the joint tortfeasors, DOTD and LCG, have likewise been interrupted.

The final issue before this court is whether prescription has run as to Major's survival action. We find that it has. The Supreme Court of Louisiana has made it clear that survival actions and wrongful death actions are separate and distinct causes of action.

> We conclude that each of these actions is a separate and distinct cause of action. Although both actions arise from a common tort they are, nevertheless, separate and distinct because each arises at a different time. The survival actions [sic] comes into existence simultaneously with the commission of the tort and is transmitted to the beneficiaries upon the victim's death. The wrongful death action does not arise until the victim dies. Each right addresses itself to the recovery of damages for totally different injuries and losses. The survival action permits recovery only of the damages suffered by the victim from the time of injury to the moment of death. The wrongful death action is intended to compensate the beneficiaries for compensable injuries suffered from the moment of death and thereafter.

*Guidry v. Theriot*, 377 So.2d 319, 322 (La.1979), *abrogated on other grounds by Louviere v. Shell Oil Co.*, 440 So.2d 93 (La.1983).

The court in *Guidry* went on to hold that when prescription is interrupted as to a survival action, that interruption has no bearing on the running of prescription for the wrongful death action. It follows that the same principle applies when prescription has been interrupted as to the wrongful death action but not the survival action.

> We have expressly held that the survival and wrongful death actions are separate and distinct causes of action, entirely independent of each other. We also expressly hold that regardless of whether or not suit is instituted by a tort victim during his life, his named beneficiaries must bring their wrongful death action within one year of the victim's

-9-

death pursuant to the provisions of La.C.C. Article 3536. This is so because they do not bring the wrongful death action as substituted parties, in which capacity they may bring the survival action to recover the victim's damages. They must bring their wrongful death action as original plaintiffs suing on a different cause of action which arose upon the victim's death.

*Guidry*, 377 So.2d at 327-328.

In the matter before us, the decedent died on July 23, 2007. Mary Ann properly filed her wrongful death claim on July 14, 2008. Major's intervening suit was not brought until December 1, 2008. For reasons already discussed, the wrongful death action instituted by Mary Ann interrupted prescription as to Major's wrongful death action, but we find that it had no effect on the survival action in question. Thus, we find that the exception of prescription was correctly granted with regard to Major's survival action.

**CONCLUSION:**

For reasons discussed above, we find that the trial court's granting of the diclinatory exception of *lis pendens* was improper. We further find that the trial court's granting of the peremptory exception of prescription as to Major's wrongful death claims against DOTD and LCG was similarly improper. We do, however, agree with the trial court's finding that Major's survival action has prescribed.

**AFFIRMED IN PART, REVERSED IN PART.**