PER CURIAM.
 
 *
 

 | tAfter he successfully passed the Louisiana bar examination, petitioner, Alexander D. Bates, was advised by the Committee on Bar Admissions (“Committee”) that he would not be recommended for admission until certain financial delinquencies had been adequately addressed. Thereafter, petitioner entered into a monthly payment plan to repay his debt, and the Committee agreed to join with petitioner in seeking his conditional admission to the practice of law. On March 19, 2008, we granted the joint petition for conditional admission in
 
 In re: Bates,
 
 08-0551 (La.3/19/08), 976 So.2d 1272. Pursuant to the court’s order, petitioner was admitted to the practice of law in Louisiana subject to a three-year period of probation. During that period, petitioner was ordered to provide evidence to the Office of Disciplinary Counsel (“ODC”), on at least a quarterly basis, demonstrating that he has made a good faith effort to satisfy his financial obligations. We concluded that should petitioner fail to make a good faith effort to satisfy his financial obligations, or should he commit any misconduct during the period of probation, his conditional right to practice “may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.”
 

 On February 2, 2010, the ODC filed a report in this court suggesting that petitioner should be required to show cause why his conditional admission should not Lbe revoked due to his failure to cooperate in the monitoring of the terms of his conditional admission. After carefully reviewing the ODC’s filing, and petitioner’s response thereto, we decline at this time to terminate his conditional admission.
 

 *
 

 Chief Justice Kimball not participating in the opinion.