PER CURIAM.
 
 *
 

 |, Finding the Court of Appeal erred in reversing the district court’s judgment sustaining defendants’, Lafayette City-Parish Consolidated Government’s (Lafayette) and State through Department of Transportation and Development’s (DOTD), exceptions of
 
 lis pendens,
 
 we grant this writ to reinstate the District Court’s judgment.
 

 
 *1241
 
 On July 23, 2007, Raymond Calbert (Raymond) passed away from injuries he sustained earlier that day when struck by a vehicle driven by Orlando Batiste (Batiste). On July 14, 2008, Mary Ann Charles Calbert (Mary Ann), as the surviving spouse and on behalf of Raymond’s and her minor son, Rashaun Calbert, filed the instant wrongful death action against Batiste in the 15th Judicial District Court, docket number 2008M022-B. On August 28, 2008, Major Calbert (Major), as Raymond’s surviving son, filed his own wrongful death and survival action against Batiste, DOTD, and Lafayette in the 15th Judicial District Court, docket number 2008-4932-A. In response, DOTD and Lafayette filed exceptions of prescription, vagueness, and | ¡improper service.
 
 [1]
 
 Then on December 1, 2008, Major filed a petition of intervention, seeking to intervene in the present suit filed by Mary Ann and to add DOTD and Lafayette as defendants. In response, DOTD and Lafayette brought exceptions of
 
 lis pendens,
 
 claiming the existence of Major’s first filed suit, docket number 2008-4932-A, prevented him from intervening in the present matter, docket number 2008-4022-B.
 
 [2]
 

 The District Court sustained the exceptions of
 
 lis pendens,
 
 dismissing Major’s claims with prejudice.
 
 [3]
 
 The Court of Appeal reversed, finding because the first filed suit existed in name only, multiple suits were not pending.
 

 Under the provisions of La.Code Civ. Proc. art. 531, “[wjhen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same ca-pacifies, the defendant may have all but the first suit dismissed by excepting thereto....” In the instant matter, Major has pending in the 15th Judicial District Court two virtually identical civil tort suits, alleging the same causes of action on the same occurrence against the same defendants in the same capacities. In accordance with Article 531, DOTD and Lafayette are entitled to have all but the first suit dismissed. Therefore, we find the District Court properly sustained the exceptions of
 
 lis pen-dens,
 
 and the Court of Appeal erred in its reversal. Accordingly, the judgment of the Court of Appeal is reversed, and the judgment of the District Court sustaining the exceptions of
 
 lis pendens
 
 is reinstated and rendered.
 

 J^REVERSED and RENDERED.
 

 *
 

 Kimball, C.J., did not participate in the deliberation of this opinion.
 

 [1]
 

 . On January 12, 2009, the district court heard these exceptions and ordered the suit be transferred to the instant suit, docket number 2008-4022-B.
 

 [2]
 

 . DOTD and Lafayette also filed exceptions of prescription, vagueness, and no cause of action.
 

 [3]
 

 .The District Court sustained the exceptions of prescription as well. However, our finding the exceptions of
 
 Us pendens
 
 were properly sustained renders all other issues moot, and therefore, we pretermit discussion of these issues.